PAUL COOPER, Plaintiff v. COOPER ENTERPRISES, INC., Employer, COMPTRUST
AGC, Carrier, Defendants

No. COA04-147

(Filed 15 February 2005)

**Workers' Compensation— prior arm injury—not the direct
cause of auto accident**

An Industrial Commission opinion denying compensation
was affirmed where plaintiff contended that an automobile acci-
dent was a direct and natural result of his prior compensable arm
injury, but there was competent evidence that the accident was
caused by plaintiff jerking his car to the left upon hitting gravel in
the road. The employee bears the burden of establishing the com-
pensability of the claim, and the Commission did not err by find-
ing that there was insufficient evidence that the accident was
caused by the prior compensable injury.

Appeal by Plaintiff from Opinion and Award of the North Carolina
Industrial Commission entered 29 September 2003. Heard in the
Court of Appeals 30 November 2004.

*Hyler & Lopez, P.A., by George B. Hyler, Jr., for plaintiff-
appellant.*

*Morris York Williams Surles & Barringer, LLP, by John F.
Morris, for defendant-appellees.*

WYNN, Judge.

Plaintiff Paul Cooper asserts that the full Industrial Commission
committed prejudicial error in denying his claim. Cooper contends he
submitted sufficient evidence for the Industrial Commission to deter-
mine that the lack of mobility in his right arm prevented him from
regaining control of his automobile and avoiding his 17 October 1998
automobile accident. Cooper contends that the automobile accident
was therefore a direct and natural result of his prior compensable
injury. For the reasons stated herein, we disagree and affirm the
Industrial Commission's Opinion and Award.

The procedural and factual history of the instant appeal is as
follows: Cooper had worked in the construction field since 1966.
From 1986 through 1996, Cooper worked at Cooper Enterprises, Inc.,
a firm owned in part by Cooper's brother. Cooper had a history of

problems with his right shoulder. These were exacerbated when, on 25 September 1993, Cooper stepped on a piece of rebar while carrying a roll of mesh wiring, lost his balance, and fell into an embankment. He sustained crush injuries to the right side of his upper body and had to undergo, *inter alia*, five surgical procedures on his right shoulder.

Cooper Enterprises admitted the compensability of Cooper's resulting workers' compensation claim and paid Cooper medical compensation and disability benefits. In December 1997, Cooper's physician, Donald D'Alessandro, M.D., found that, despite treatment, Cooper retained a fifty percent partial impairment of his right upper extremity and a one-hundred percent impairment of his right shoulder. However, in March 1998, Dr. D'Alessandro also noted that Cooper "has done quite well[,]" that Cooper's shoulder "has not been bothering him[,]" and that "[n]o further treatment is necessary."

On 17 October 1998, Cooper was involved in a single-car automobile accident. Cooper testified that gravel on the roadway caused his vehicle to slide toward the right shoulder of the road, where there was a steep drop-off. To avoid the embankment on the right, Cooper turned his steering wheel sharply to the left, causing his vehicle to veer toward an embankment on the other side of the road. In Cooper's own words, "when I started sliding, [the car] went off just a little bit. Then when I pulled it back, you know, I guess I jerked it or whatever and [the car], you know, shot across the road." Cooper was unable to regain control, and his vehicle went off the road and flipped over. As a result, Cooper sustained serious injuries, including hip and leg fractures and lacerations. Cooper alleged that his inability to regain control of his vehicle and the subsequent accident and injuries were due to his prior work injury to his right arm.

On 13 October 2000, Cooper filed a notice of accident, alleging that his automobile accident constituted a compensable claim because it was caused by his prior right upper extremity disability. Defendants denied the claim. Deputy Commissioner Bradley W. Houser filed an Opinion and Award on 21 August 2002, amended on 26 August 2002, awarding benefits to Cooper. Defendants appealed to the full Industrial Commission, which, on 29 September 2003, overturned Deputy Commissioner Houser's Opinion and Award and held that Cooper had failed to present sufficient evidence to show that the 17 October 1998 automobile accident was a direct and natural result of Cooper's prior compensable injury. Cooper appealed.

It is well-settled that the employee bears the burden of establishing the compensability of a workers' compensation claim. *Holley v. ACTS, Inc.*, 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003). Our review of the Commission's opinion and award is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Industrial Commission is the "sole judge of the weight and credibility of the evidence," and this Court " 'does not have the right to weigh the evidence and decide the issue on the basis of its weight.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)).

Cooper contends that the lack of mobility in his right arm prevented him from regaining control of his automobile and that the accident was therefore a direct and natural result of his prior compensable injury. "A subsequent injury to an employee, whether an aggravation of the original injury or a new and distinct injury, is compensable only if it is the direct and natural result of a prior compensable injury." *Vandiford v. Stewart Equip. Co.*, 98 N.C. App. 458, 461, 391 S.E.2d 193, 195 (1990) (citing *Starr v. Charlotte Paper Co.*, 8 N.C. App. 604, 610, 175 S.E.2d 342, 347 (1970)). An injury is not compensable, however, if "it is the result of an independent intervening cause attributable to claimant's own intentional conduct. Our supreme court defines intervening cause . . . as an occurrence entirely independent of a prior cause." *Heatherly v. Montgomery Components, Inc.*, 71 N.C. App. 377, 379-80, 323 S.E.2d 29, 30 (1984) (citations omitted).

To show that the prior compensable injury caused the subsequent injury, the " 'evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must be sufficient competent evidence tending to show a proximate causal relation.' " *Holley*, 357 N.C. at 232, 581 S.E.2d at 753 (quoting *Gilmore v. Hoke County Bd. of Educ.*, 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942)). "Although expert testimony as to the possible cause of a medical condition is admissible . . ., it is insufficient to prove causation, particularly when there is additional evidence or testimony showing the expert's opinion to be a guess or mere speculation." *Id.* at 233, 581 S.E.2d at 753 (internal quotation and citations omitted).

Here, the record reflects that, as Cooper approached a curve in the roadway, gravel caused his vehicle to slide to the right. In an

attempt to avoid falling into an embankment on the right, Cooper intentionally steered sharply to the left, in his own words "jerking" his vehicle and thereby causing it to veer toward an embankment on the other side of the road. While Cooper alleged that his prior work injury to his right arm caused the accident, the record reveals little evidence to support this contention. The only relevant medical evidence produced was limited testimony by Dr. D'Alessandro, who characterized his testimony as "just conjecture" by someone who is "no expert in th[e] area" of driving with impaired extremities. Dr. D'Alessandro stated that "it's just conjecture, but I imagine that the right arm could really only be used to steady the wheel to re-grip it with the left[.]" Meanwhile, prior to the accident, Dr. D'Alessandro noted that Cooper "has done quite well[,]" that Cooper's shoulder "has not been bothering him[,]" and that "[n]o further treatment is necessary." Moreover, Dr. D'Alessandro testified that he did not see Cooper for ten months after the automobile accident, that he was not involved in any way with the accident, and that the accident was not relevant at the time that he saw Cooper for treatment.

To support his argument that his accident was a result of his prior compensable injury, Cooper cited several cases where a subsequent accident was found to be a direct and natural result of a prior compensable injury. These cases are, however, easily distinguishable. In *Horne v. Universal Leaf Tobacco Processors*, 119 N.C. App. 682, 459 S.E.2d 797 (1995), the plaintiff sustained a compensable injury to his back. While the plaintiff was still in the process of recovering from that injury, he was involved in an automobile accident. The plaintiff's work injury had not yet stabilized at the time of the accident, and it was undisputed that the accident was not caused by the plaintiff's " 'own intentional conduct.' " *Id.* at 687, 459 S.E.2d at 800-01. The injuries resulting from the automobile accident were therefore not the product of an independent, intervening cause and were thus compensable. Similarly, in *Heatherly*, 71 N.C. App. 377, 323 S.E.2d 29, the plaintiff fractured a bone that was still healing from a prior compensable fracture. The evidence showed that the relevant bone had been weakened by the prior compensable fracture, and the subsequent injury was therefore compensable. In *Starr*, 8 N.C. App. 604, 175 S.E.2d 342, the plaintiff had been paralyzed from the waist down in a work-related accident. Several years later, while in bed, the plaintiff sustained severe burns from a fire started by his cigarette. This Court affirmed the Industrial Commission's finding that the burns were compensable, both because the plaintiff put his cigarette on his wheelchair due to muscle spasms in his legs resulting from his

prior compensable injury, and because the plaintiff was incapable of perceiving that his bed and legs had caught on fire because of the prior compensable injury. *Id.* at 609-11, 175 S.E.2d at 346-47.

Here, in contrast, the Industrial Commission found that the evidence was insufficient from which to find that the 17 October 1998 car accident was the result of Cooper's prior compensable injury. Indeed, there was competent evidence that the accident and injuries were caused by Cooper's jerking his car to the left upon hitting gravel in the road. Though Cooper testified that, had he retained full use of his arm, he would have had more control over his vehicle, the evidence supports the Industrial Commission's finding that the evidence did not suffice to show that he would have avoided the accident. The evidence also showed that Cooper's prior injury had stabilized by the time Cooper had the accident. The Industrial Commission therefore did not err in finding that there was insufficient evidence to find that Cooper's automobile accident was caused by, or a natural and direct result of, his prior compensable injury. These findings in turn support the Industrial Commission's conclusion that Cooper's automobile accident injuries were not compensable.[1]

Accordingly, we affirm the Industrial Commission's Opinion and Award.

Affirmed.

Judges HUDSON and ELMORE concur.

---

1. However, this opinion does not address and does not preclude Cooper's possible ongoing entitlement to disability benefits and medical treatment for his admittedly compensable prior right arm injury.