An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-910

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

CHRISTIAN MURILLO PAREDONES and
GISELL GUADALUPE MURILLO
PAREDONES, Minor Children of
Decedent-Employee FELIPE PACHECO
FLORES a/k/a MURILLO ARELLANO
GUMERCINDO,
    Plaintiffs

v.
                                 North Carolina
                                 Industrial Commission
                                 I.C. No. W60905

WRENN BROTHERS, Employer, and
CONTINENTAL INDEMNITY COMPANY,
Carrier,
    Defendants

Appeal by plaintiffs from opinion and award entered 9 April 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 8 January 2014.

> *Moody, Williams, Roper & Lee, LLP, by C. Todd Roper, for plaintiff-appellants.*

> *Hedrick Gardner Kincheloe & Garofalo, LLP, by M. Duane Jones and Vachelle D. Willis, for defendant-appellees.*

CALABRIA, Judge.

Christian Murillo Paredones and Gisell Guadalupe Murillo Paredones (collectively "plaintiffs"), the minor children of

Felipe Pacheco Flores a/k/a Murillo Arellano Gumercindo ("Flores"), appeal from an opinion and award entered by the Full Commission of the North Carolina Industrial Commission ("the Commission") which denied plaintiffs' claim for workers' compensation death benefits. The Full Commission concluded that Flores's death did not arise out of his employment with Wrenn Brothers ("defendant-employer"). We affirm.

Flores came to the United States from Mexico and used falsified documentation to obtain employment in defendant-employer's lumber mill in Siler City, North Carolina in 1996. On 8 September 2008, Flores was working in the planer room of defendant-employer's plant when one of his fellow workers indicated that the plant was about to be raided by the Immigration and Naturalization Service ("INS"). Flores and others attempted to run away, but after 100 yards Flores collapsed and died. An autopsy later determined that Flores had suffered a fatal heart attack.

On 18 December 2009, the administrator of Flores's estate filed a Form 18 seeking workers' compensation benefits for Flores's death. Defendant-employer denied the claim, which was then assigned for hearing. On 8 October 2012, Deputy Commissioner Philip A. Baddour filed an opinion and award

denying plaintiffs' claim because Flores's death did not arise out of his employment with defendant-employer. Plaintiffs then appealed to the Full Commission, which affirmed the deputy commissioner's opinion and award on 9 April 2013. Plaintiffs appeal.

Review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.'" *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)).

Plaintiffs argue that the Commission erred by concluding that Flores's death was not compensable. We disagree.

"For an injury to be compensable under the Worker's Compensation Act, the claimant must prove three elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment." *Hollar v. Furniture Co.*, 48

N.C. App. 489, 490, 269 S.E.2d 667, 669 (1980). In the instant case, the Commission concluded that plaintiffs were not entitled to death benefits because they failed to prove that Flores's death arose out of his employment.

> The words "arising out of the employment" refer to the origin or cause of the accidental injury. [A] contributing proximate cause of the injury must be a risk inherent or incidental to the employment, and must be one to which the employee would not have been equally exposed apart from the employment. Under this "increased risk" analysis, the causative danger must be peculiar to the work and not common to the neighborhood.

*Chavis v. TLC Home Health Care*, 172 N.C. App. 366, 372, 616 S.E.2d 403, 409 (2005)(internal quotations and citations omitted). In its opinion and award denying plaintiffs' claim, the Commission found that Flores "died as a result of his attempt to evade what he believed to be an imminent raid by immigration officials." The Commission further found that Flores "was equally exposed to the risks associated with being an illegal immigrant, including being apprehended due to his illegal status, apart from his employment." Based upon these findings, the Commission concluded that Flores's death did not arise from his employment.

Plaintiffs argue that the Commission's findings were not supported by the evidence. Specifically, plaintiffs point to evidence that defendant-employer had twenty-five to thirty Hispanic employees, that there were chicken plants in the area which had recently been raided by INS, and that defendant-employer had increased awareness of immigration raids. Plaintiffs contend that this evidence demonstrated that defendant-employer was subject to a heightened risk of an immigration raid and that this heightened risk was inherent to Flores's employment.

However, the Commission specifically determined that this evidence was insufficient to support plaintiffs' theory, finding that there was no direct evidence that the racial makeup of defendant-employer's workforce increased the risk of an immigration raid. This finding is supported by the evidence presented during the hearing. Defendant-employer's secretary Robert Wrenn specifically testified that there had been no immigration raids in Siler City, where defendant-employer's plant was located. Moreover, the fact that defendant-employer had many Hispanic employees proves nothing in and of itself. There was no evidence that these Hispanic employees were not legal workers or that defendant-employer sought to hire illegal

workers. There was also no evidence presented that defendant-employer had any knowledge that Flores had falsified documents in order to obtain employment from defendant-employer. In the absence of any direct connection between defendant-employer and undocumented workers, the Commission was free as the finder of fact to reject the inference that plaintiffs attempted to draw between defendant-employer's Hispanic employees and a possible immigration raid. *See Cooper v. Cooper Enters., Inc.*, 168 N.C. App. 562, 564, 608 S.E.2d 104, 106 (2005)("The Industrial Commission is the sole judge of the weight and credibility of the evidence[.]" (internal quotations and citation omitted)).

Ultimately, the Commission's findings (1) that Flores died while fleeing from an apparent immigration raid and (2) that there was no evidence of an increased risk to Flores of an immigration raid as part of his employment with defendant-employer were supported by competent evidence. These findings adequately demonstrated that Flores's death was caused by a risk which was neither "inherent or incidental to the employment" nor a risk to which Flores "would not have been equally exposed apart from the employment." *Chavis*, 172 N.C. App. at 372, 616 S.E.2d at 409. Thus, the Commission properly concluded that Flores's death did not arise out of his employment and that, as

a result, plaintiffs were not entitled to workers' compensation benefits. The Commission's opinion and award denying plaintiffs' claim is affirmed.

Affirmed.

Judges BRYANT and GEER concur.

Report per Rule 30(e).