CLARK v. SANGER CLINIC

[175 N.C. App. 76 (2005)]

───────

MARTHA FALLS CLARK, PLAINTIFF-EMPLOYEE v. THE SANGER CLINIC, P.A., DEFENDANT-EMPLOYER, AND ITT HARTFORD INSURANCE COMPANY, INC., DEFENDANT-CARRIER

No. COA05-477

(Filed 20 December 2005)

1. Workers' Compensation— arthritis—insufficient evidence of causation

There was competent evidence to support the Industrial Commission's conclusion that plaintiff's degenerative arthritic condition in her knees and its treatment were not compensable. Although plaintiff suffered a prior compensable knee injury from falls, she did not establish that she had a preexisting arthritic condition, and there was evidence that tears such as those suffered by plaintiff were not well-accepted as causing arthritis and that obesity such as plaintiff's could aggravate degenerative changes.

2. Workers' Compensation— side effects of medication— insufficient evidence of actual causation

There was competent evidence to support the Industrial Commission's finding and conclusion that plaintiff's restorative dental treatment was not compensable where, although "dry mouth" was a potential side effect of several of plaintiff's medications, there was no testimony as to what actually caused plaintiff's dental condition.

CLARK v. SANGER CLINIC

[175 N.C. App. 76 (2005)]

### 3. Workers' Compensation— side effects of medication— insufficient evidence of actual causation

The Industrial Commission did not err by not finding compensable treatment of plaintiff's esophageal reflux, constipation, and nausea. While there was testimony that many of plaintiff's medications have those conditions as side effects, there was no testimony as to actual cause.

### 4. Workers' Compensation— attorney fees denied—defense not unnecessarily unreasonable

The Industrial Commission did not err by failing to award plaintiff attorney fees pursuant to N.C.G.S. § 97-88.1 because defendants' defense of plaintiff's claims was not necessarily unreasonable.

Appeal by plaintiff from an Opinion and Award filed 18 October 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 16 November 2005.

*Seth M. Bernanke for plaintiff-appellant.*

*Morris York Williams Surles & Barringer, LLP, by Susan H. Briggs and Keith B. Nichols, for defendant-appellees.*

BRYANT, Judge.

Martha Falls Clark (plaintiff) appeals from an Opinion and Award of the North Carolina Industrial Commission (Full Commission) ordering her former employer, the Sanger Clinic, and its insurance carrier, ITT Hartford Insurance Company, (defendants) to continue paying plaintiff permanent total disability benefits, provide all medical treatment arising from her compensable injury by accident, provide modifications to plaintiff's house or assist plaintiff in seeking alternative housing, and awarding interest on unpaid medical compensation.

*Facts and Procedural History*

Plaintiff was injured on 16 April 1993 while pushing a cart transporting 600 to 800 pounds of equipment into an elevator. The wheel of the cart became wedged in the threshold of the elevator, and in her attempt to dislodge the wheel, plaintiff suffered an admittedly compensable injury to her back. On 4 October 1999, the Full Commission awarded plaintiff temporary total disability and permanent total dis-

ability benefits, and, in part, ordered defendants to provide all medical treatment arising from her injury by accident, including subsequent falls resulting from her back injury causing dental problems and a knee injury.

This matter was initiated on 8 February 2001 when plaintiff filed a Form 33 Request that Claim be Assigned for Hearing, claiming defendants had failed to pay plaintiff benefits and had not modified plaintiff's home as previously ordered by the Industrial Commission. The claim came before Deputy Commissioner Amy L. Pfeiffer on 18 October 2001. Deputy Commissioner Pfeiffer filed her Opinion' and Award on 14 October 2002. Plaintiff and defendants filed a Notice of Appeal to the Full Commission on 22 October 2002. The claim was heard by the Full Commission on 2 May 2003 and a companion case was subsequently heard by the same panel of the Full Commission on 2 March 2004. On 18 October 2004, the Full Commission filed its Opinion and Award in this matter. Plaintiff appeals.

Plaintiff argues the Full Commission erred: (I) by holding plaintiff's arthritic conditions in her knees are not compensable; (II) by holding plaintiff's dental problems caused by "dry mouth" syndrome are not compensable; (III) by failing to specify treatment for plaintiff's esophageal reflux, constipation and nausea were compensable; and (IV) by failing to award plaintiff attorney's fees. For the following reasons, we disagree and affirm the Opinion and Award of the Full Commission.

*Standard of Review*

Review by this Court of a decision by the North Carolina Industrial Commission is limited to the determination of "whether any competent evidence supports the Commission's findings of fact and whether [those] findings . . . support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Commission's findings of fact are conclusive on appeal even where there is contrary evidence, and such findings may only be set aside where there is a "complete lack of competent evidence to support them." *Johnson v. Herbie's Place*, 157 N.C. App. 168, 171, 579 S.E.2d 110, 113 (2003) (citation omitted); *see also Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). Our review "goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965). However,

the Commission's conclusions of law are reviewed *de novo*. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

*I*

[1] Plaintiff first argues the Full Commission erred in holding plaintiff's arthritic conditions in her knees are not compensable. The Full Commission found that although meniscal tears in plaintiff's knees were related to falls, and therefore compensable, treatment for plaintiff's degenerative arthritis was not compensable.

Plaintiff argues that, as the prior Opinion and Award includes "problems caused by falls" as compensable conditions, it is not plaintiff's burden to continually prove that treatment for these problems is compensable; instead, it is defendants' burden to prove that the need for treatment they dispute is not related. *See Parsons v. Pantry. Inc.*, 126 N.C. App. 540, 485 S.E.2d 867 (1997). However, in *Parsons*, the plaintiff was suffering from the exact same complaint (headaches) for which she was initially awarded medical expenses and future medical treatment. *Id.* at 542, 485 S.E.2d at 869. This Court held that requiring the plaintiff to prove a causal relationship between her accident and her current headaches in order to get further medical treatment ignored the prior award. *Id.* "To require plaintiff to re-prove causation each time she seeks treatment for the **very injury** that the Commission has previously determined to be the result of a compensable accident is unjust and violates our duty to interpret the Act in favor of injured employees." *Id.* (Emphasis added). In the instant case, plaintiff is suffering from degenerative arthritis, while at the time of the initial award plaintiff suffered a compensable knee injury caused by falls related to her compensable injury by accident. Thus, plaintiff's reliance on *Parsons* is misplaced.

Plaintiff also contends that even if the burden were correctly placed, if a compensable injury "materially aggravates or accelerates" the need for treatment, that need is also compensable. *Little v. Anson County Sch. Food Ser.*, 295 N.C. 527, 532, 246 S.E.2d 743, 746 (1978). Plaintiff relies on testimony by Dr. James Yates, Jr., who first saw plaintiff on 22 October 1998, to support this argument.

Q: Do you have an opinion within a reasonable medical probability as to whether her history of falls and landing on the knee or twisting when she fell would have materially aggravated, would or could have materially aggravated pre-existing arthritis of the knee?

A: Yes, sir. I absolutely believe that certainly is, is the case.

However, plaintiff does not establish, and we are unable to find any indication in the record before us, that she actually had a preexisting arthritic condition in her knees prior to her 16 April 1993 compensable injury by accident.

There is ample, competent evidence of Record to support the Full Commission's findings of fact. When asked whether there was a connection between torn or malpositioned menisci and/or loose bodies in the knee and degeneration of the knee, Dr. Yates answered "I don't know . . . I don't think its well-accepted in the orthopaedic community, specifically those of us who primarily do knee surgery that a long-standing meniscal tear can cause arthritis of the knee . . . ." Dr. Yates further testified that it was not uncommon for a woman of 50 years old to have severe arthritis in both knees, "particularly in a big person, and she is a very large lady" and that there was "no question at all that obesity is a risk factor for development of osteoarthritis." While there is evidence of record to support a finding that plaintiff's falls could have aggravated her degenerative knee condition, there is also testimony of record that plaintiff's pre-existing obesity could have aggravated the degenerative changes in her knees:

Q. And you indicated, I believe, that she had fairly extensive degenerative changes in her knee?

A. She really does.

Q. And would excessive weight aggravate that condition?

A. Obesity?

Q. Obesity.

A. Yes.

Q. And she was obese when you first saw her. Is that right?

A. Yes.

The Full Commission is the ultimate finder of fact in a workers' compensation case. *Adams*, 349 N.C. at 681, 509 S.E.2d at 413. "The Commission may weigh the evidence and believe all, none, or some of the evidence." *Hawley v. Wayne Dale Const.*, 146 N.C. App. 423, 428, 552 S.E.2d 269, 272 (2001). The Full Commission "may accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same."

*Anderson v. Northwestern Motor Co.*, 233 N.C. 372, 376, 64 S.E.2d 265, 268 (1951). Finding of Fact Number 18 is supported by competent evidence and in turn supports the Full Commission's conclusion that plaintiff's degenerative arthritic condition and treatment related thereto is not compensable. This assignment of error is overruled.

## II

[2] Plaintiff similarly argues the Full Commission erred in holding plaintiff's dental problems caused by "dry mouth" syndrome are not compensable. The Full Commission found as fact:

> Plaintiff also saw thereafter Dr. Jakubek on many other occasions for treatment of "extensive cavities" and to do other restorative treatment. These extensive problems could have been caused initially by poor hygiene, by plaintiff being in a six-week coma following her unrelated gastric bypass surgery, by dry mouth that was possibly caused by medications taken by plaintiff for medical conditions, some of which were and some were not related to the fall, or even from stones in the salivary glands. Therefore, due to the tenuous nature of any causal relationship between plaintiff's compensable injury by accident and the need for restorative treatment, the Full Commission hereby finds that Dr. Jakubek's restorative treatment, if not directly related to a fall by plaintiff, was unrelated to plaintiff's compensable back injury and is not compensable.

The Full Commission then concluded as a matter of law that defendants were not required to pay for restorative treatment unrelated to falls by plaintiff.

Again, there is competent evidence of Record supporting the Full Commission's findings. Dr. Joseph T. Jakubek, a general dentist, testified regarding the cause of plaintiff's extensive dental problems. Dr. Jakubek testified that plaintiff's dental condition could have been caused by poor hygiene, xerostomia ("dry mouth" syndrome) possibly brought on by plaintiff's medications, stones in her salivary glands, or the six weeks that plaintiff was in a coma following her unrelated gastric bypass procedure in 1998. Dr. John Wilson, III, also testified that "dry mouth" syndrome was a potential side effect of several of plaintiff's medications. However, there is no testimony as to what *actually* caused plaintiff's dental condition. While Dr. Wilson may have testified with certainty that many of plaintiff's medications have "dry mouth" syndrome as a side effect, there is no testimony that plaintiff's dental condition was caused by "dry mouth" syndrome.

"To show that the prior compensable injury caused the subsequent injury, the evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must be sufficient competent evidence tending to show a proximate causal relation." *Cooper v. Cooper Enters., Inc.*, 168 N.C. App. 562, 564, 608 S.E.2d 104, 106 (2005) (internal quotations omitted). Based upon the testimony of record, the Full Commission properly concluded that the causal relationship between plaintiff's compensable injuries and the need for restorative dental treatment was tenuous. Finding of Fact Number 21 is supported by competent evidence and in turn supports the Full Commission's conclusion that plaintiff's restorative dental treatment is not compensable. This assignment of error is overruled.

### III

[3] Plaintiff also argues the Full Commission erred by failing to specify treatment for plaintiff's esophageal reflux, constipation and nausea as compensable. "When [a] matter is 'appealed' to the full Commission . . ., it is the duty and responsibility of the full Commission to decide all of the matters in controversy between the parties." *Vieregge v. N.C. State Univ.*, 105 N.C. App. 633, 638, 414 S.E.2d 771, 774 (1992). The only testimony before the Full Commission regarding plaintiff's esophageal reflux, constipation and nausea came from Dr. Wilson. The Full Commission made the following findings of fact regarding Dr. Wilson's treatment of plaintiff:

14. Upon her temporary move to South Carolina in 1998, plaintiff presented to Dr. Wilson, an internist, for medical management for chronic low back pain and complications from recent surgery. Plaintiff presented to the physician while she was recovering from the unrelated gastric bypass surgery, and she was noted to be severely deconditioned. Because physical therapy had been suggested upon her hospital discharge, Dr. Wilson sent plaintiff to physical therapy. This therapy was due mostly to plaintiff's severe deconditioning and complications stemming from the gastric bypass surgery, and only in very small part to her back. In fact, Dr. Wilson's first medical note only references plaintiff's deconditioning due to surgery as the reason for physical therapy. This initial course of physical therapy ordered by Dr. Wilson was unrelated to plaintiff's compensable back or knee conditions and is not compensable.

**CLARK v. SANGER CLINIC**

[175 N.C. App. 76 (2005)]

15. Dr. Wilson, over the course of his treatment of plaintiff, treated plaintiff for many unrelated medical conditions. These conditions include but are not limited to restrictive lung disease, osteopenia, a hernia, and various illnesses such as upper respiratory infections. None of the treatment for these conditions or illnesses was related to plaintiff's compensable conditions. However, any treatment by Dr. Wilson that actually was related to her compensable back and knee conditions, including but not limited to prescriptions for diet pills, was reasonably necessary to effect a cure or give relief, and defendants are therefore obligated to provide this treatment. It was reasonable for plaintiff to seek treatment by Dr. Wilson to manage her medical care during the period of time that she resided in South Carolina, and to the extent that treatment by Dr. Wilson related to the conditions found compensable by the Full Commission, defendants are responsible for payment of this treatment.

As in Issue. II, *supra*, there is no testimony as to what actually caused plaintiff's esophageal reflux, constipation and nausea. While Dr. Wilson may have testified that many of plaintiff's medications have esophageal reflux, constipation and nausea as side effects, there is no testimony that these conditions were causally related to plaintiff's compensable injuries. Furthermore, Dr. Wilson testified that plaintiff had "ample reason to have nausea, having had . . . the gastric surgery, the complications from that, and sometimes pain medication." Pursuant to the Full Commission's award, if plaintiff can establish that her esophageal reflux, constipation, or nausea, are related to her compensable injuries, defendants would be obligated to provide the treatment for those ailments. This assignment of error is overruled.

*IV*

**[4]** Plaintiff lastly argues the Full Commission erred by failing to award plaintiff attorney's fees pursuant to Section 97-88.1 of the North Carolina General Statutes. Under Section 97-88.1 the Industrial Commission may assess "the whole cost of the proceedings including reasonable [attorney's fees]" if the Commission determines "any hearing has been brought, prosecuted or defended without reasonable ground." N.C. Gen. Stat. § 97-88.1 (2003); *see also, Hieb v. Howell's Child Care Ctr., Inc.,* 123 N.C. App. 61, 69, 472 S.E.2d 208, 213 (1996) (where the Full Commission properly awarded attorney's fees upon finding defendants in violation of Industrial Commission rules by terminating compensation without the Commission's

approval, and by refusing to resume immediate payments following the Deputy Commissioner's order). "The decision of whether to make such an award, and the amount of the award, is in the discretion of the Commission, and its award or denial of an award will not be disturbed absent an abuse of discretion." *Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 54-55, 464 S.E.2d 481, 486 (1995). "An abuse of discretion results only where a decision is manifestly unsupported by reason or . . . so arbitrary that it could not have been the result of a reasoned decision." *Goforth v. K-Mart Corp.*, 167 N.C. App. 618, 624, 605 S.E.2d 709, 713 (2004) (internal quotations omitted).

In the instant case, the Full Commission concluded that "neither party is entitled to attorney's fees pursuant to N.C. Gen. Stat. §§ 97-88 or 88.1." However, the Full Commission reiterated the award of plaintiff's permanent total disability compensation benefits subject to the attorney's fees approved in the initial Opinion and Award. Plaintiff argues the Full Commission's finding that "defendants' defense of the issues addressed herein was reasonable" is a legal judgment and thus cannot support the Full Commission's conclusion that she is not entitled to attorney's fees. The Full Commission did make the following findings of fact, which are not assigned as error by plaintiff and are therefore binding upon this Court:

4. The Full Commission ordered defendants to modify plaintiff's house according to a June 1997 plan devised by a rehabilitation technology consultant. However, as of the date of the filing of the first Opinion and Award by the Full Commission in February 1999, plaintiff was living out of the state. In addition, plaintiff had her house on the market for about a year in approximately 1999 through 2000. Plaintiff did not return to her house until early 2001, and at that time she did not contact defendants about beginning the modifications. Furthermore, she was only back at her house for approximately one month before she filed the Form 33 in the matter. For these reasons, the Full Commission finds it was not unreasonable for defendants to have failed to follow through on the Full Commission's order to modify plaintiff's house at that time.

. . .

22. Plaintiff was seen at Miller Orthopaedic Clinic on several occasions in July and August 1997. These appointments were with Dr. Meade for treatment of knee pain following a fall or

falls. Plaintiff, through counsel, now argues that defendants failed to pay for these medical expenses, although as of the date of the deposition in this matter, defendants had not been billed by Miller Orthopaedic Clinic for this treatment. . . .

23. Plaintiff was also seen at Miller Orthopaedic Clinic twice in November 1999, and once in 2000. . . . However, it was not unreasonable for defendants not to have paid for these evaluations and treatment, as plaintiff specifically informed the medical care provider in question that the treatment was not related to workers' compensation. In fact, the medical notes from these visits report a diagnosis of "displaced degenerative lateral meniscal tear right knee," thereby corroborating the nonwork-related status of these visits. In addition, as of the date of the deposition of the representative from Miller Orthopaedic Clinic on January 23, 2002, this medical care provider had not billed defendant-carrier for any of these services. It was not until September 7, 2000 that plaintiff asked defendants for reimbursement for this medical compensation. This treatment was for plaintiff's degenerative condition and is therefore not compensable.

Given the facts and circumstances of the instant case, we are unpersuaded that defendants' defense of plaintiff's claims was necessarily unreasonable. Further, we discern no abuse of discretion in the Full Commission's decision not to award attorney's fees to either party. This assignment of error is overruled.

Affirmed.

Judges CALABRIA and JACKSON concur.