STATE OF NORTH CAROLINA v. MARTINEZ ORLANDO BLACK, Defendant

No. COA08-1180

(Filed 7 July 2009)

### 1. Evidence— hearsay—transcript—past recollection recorded—refreshed recollection

The trial court did not abuse its discretion in a voluntary manslaughter and possession of a firearm by a felon case by allowing a witness to testify while referring to a transcript of a police interview conducted the day the crime occurred because: (1) defendant's argument that the transcript did not qualify as a past recollection recorded under N.C.G.S. § 8C-1, Rule 803(5) was irrelevant since the transcript itself was not admitted into evidence; and (2) the testimony was admissible as present recollection refreshed because the evidence was sufficient to support the trial court's determination that the witness used the transcript to refresh his memory rather than as a testimonial crutch.

### 2. Appeal and Error— preservation of issues—failure to cite authority

Although defendant contends the trial court violated the Double Jeopardy Clause of the United States Constitution by sentencing him as an habitual felon since the same prior felony served as the basis for his conviction for possession of a firearm by a felon and for the habitual felon conviction, this assignment of error is abandoned because defendant failed to cite authority in support of his argument as required by N.C. R. App. P. 28(b)(6) and further acknowledged that the Court of Appeals has already rejected a similar argument.

### 3. Sentencing— aggravated range—consideration of juvenile offenses

The trial court did not abuse its discretion in a voluntary manslaughter and possession of a firearm by a felon case by sentencing defendant in the aggravated range because: (1) although defendant contends that a juvenile adjudication may not be used to aggravate a sentence since it is not determined by a jury and violates *Blakely v. Washington*, 542 U.S. 296 (2004), defendant failed to raise this constitutional issue at trial and thus cannot raise it on appeal; and (2) although defendant contends the trial court gave undue weight to his juvenile offenses of first-degree

rape and first-degree burglary, as opposed to the mitigating factor that the victim was over 16 years of age and a voluntary participant in defendant's conduct, the judge could give greater weight to the aggravating factor because the juvenile offenses were very serious crimes and the length of defendant's criminal record showed that his juvenile adjudication had little if any effect of turning him away from serious criminal activity later in life.

Appeal by defendant from judgments entered on or about 4 February 2008 by Judge Linwood O. Foust in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 March 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Leonard G. Green, for the State.*

*Michael E. Casterline, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted of voluntary manslaughter and possession of a firearm by a felon. He was sentenced as an habitual felon on both convictions and given a sentence in the aggravated range. Defendant contends the trial court erred by (1) allowing a witness to testify while referring to a transcript of a police interview conducted the day the crime occurred; (2) sentencing defendant as an habitual felon; and (3) sentencing defendant in the aggravated range. For the following reasons, we find no error.

I. Background

On 24 July 2004 defendant shot Reginald Reid in the abdomen and the shoulder at close range. Reid died from the gunshot wounds.

On 11 October 2004, the Mecklenburg County Grand Jury indicted defendant for (1) possession of a firearm by a felon, case number 04CRS61836; (2) for having attained the status of habitual felon, case number 04CRS061837; and (3) murder, case number 04CRS239042. A superseding indictment was issued on 25 June 2007 to add possession of cocaine with intent to distribute ("PWISD") to the murder charge in case 04CRS239042.

Defendant was tried before a jury from 14 January to 4 February 2008. The PWISD charge was dismissed for insufficient evidence before the case was submitted to the jury. The jury found defendant guilty of possession of a firearm by a felon, voluntary manslaughter

and of being an habitual felon. In case 04CRS239042 the trial court sentenced defendant on the verdict of voluntary manslaughter as an habitual felon in the aggravated range of 130 to 165 months imprisonment. In case 04CRS61836 the trial court sentenced defendant on the verdict of possession of a firearm by a felon as an habitual felon in the aggravated range of 130 to 165 months imprisonment, to run consecutively from his sentence in case 04CRS239042. Defendant appeals.

## II. Present Recollection Refreshed

[1] Defendant contends the trial court erred in admitting the testimony of Eduardo McConico, a witness for the State. Defendant relies on *State v. Smith*, 291 N.C. 505, 231 S.E.2d 663 (1977), to contend that the trial court erred because McConico was allowed to testify after he saw a written transcript and heard an audio recording of a police interview conducted the day the crime occurred.

More specifically, defendant argues that McConico's testimony was inadmissible because the transcript qualified neither as past recollection recorded pursuant to Rule 803(5)[1] nor as present recollection refreshed. Defendant argues McConico merely parroted the information in the interview transcript because the trial court's discussion of the rules of evidence "along with the court's direct questions to the witness to establish a foundation, conceivably put the witness under extreme pressure to testify consistently with the prior recorded recollection for fear of committing perjury." Defendant further argues that the admission of McConico's testimony was prejudicial, thereby entitling him to a new trial.

## A. Standard of Review

Defendant contends that this issue should be reviewed *de novo*. However, the case defendant relies on, *Smith*, plainly states that a ruling on a witness' use of a memory aid to refresh his recollection is in the sound discretion of the trial judge and will not be disturbed absent an abuse of that discretion. 291 N.C. at 518, 231 S.E.2d at 672. "An abuse of discretion results only where a decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Clark v. Sanger Clinic*, 175 N.C. App.

1. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly [is not excluded by the hearsay rule, even though the declarant is available as a witness].

N.C. Gen. Stat. § 8C-1, Rule 803(5).

76, 84, 623 S.E.2d 293, 299 (2005) (citation, quotation marks, and ellipses omitted).

B. Analysis

Because the transcript itself was not admitted into evidence, defendant's argument that the transcript did not qualify as a past recollection recorded pursuant to Rule 803(5) is irrelevant to the appeal *sub judice. See State v. Gibson*, 333 N.C. 29, 50, 424 S.E.2d 95, 107 (1992) (no analysis of Rule 803(5) claim when the document used to refresh the memory of the witness was not itself proffered as evidence), *overruled on other grounds by State v. Lynch*, 334 N.C. 402, 410, 432 S.E.2d 349, 353 (1993); *see also Xiong v. Marks*, 193 N.C. App. 644, ——, 668 S.E.2d 594, 597-98 (2008) (issue not considered on appeal when there was no ruling by the trial court). Therefore, the only issue for our consideration is "whether the witness ha[d] an independent recollection of the event and [was] merely using the memorandum to refresh details or whether the witness [was] using the memorandum as a testimonial crutch for something beyond his recall." *State v. York*, 347 N.C. 79, 89, 489 S.E.2d 380, 386 (1997).

Defendant correctly identifies *Smith* as outlining the circumstances in which a trial court may allow a witness to use a previously recorded writing or other memory aid when testifying. 291 N.C. at 517-18, 231 S.E.2d at 671-72. However, we do not agree that applying *Smith sub judice* entitles defendant to a new trial. In *Smith*, the defendants argued "that the testimony should have been stricken because the transcript did not 'refresh' [the witness'] memory but merely provided a script for her to recite at trial." *Id.* at 517, 231 S.E.2d at 671. *Smith* generally agreed with the defendants' statement of the law, but not with the defendants' application of the law to the facts of that case. *Id.* at 517-18, 231 S.E.2d at 671-72.

*Smith* first distinguished an aid to refresh recollection from a writing or recording which a party seeks to admit into evidence as past recollection recorded, noting that "looser standards [are] involved with present recollection refreshed" than with past recollection recorded. *Id.* at 517, 231 S.E.2d at 671. *Smith* further stated that "the stimulation of an actual present recollection is not strictly bounded by fixed rules [as is the admission of a past recollection recorded] but, rather, is approached on a case-by-case basis looking to the peculiar facts and circumstances present." *Id.* at 516, 231 S.E.2d at 671.

According to *Smith*, when a witness uses a memory aid that is not itself admitted into evidence,

> the memorandum [or other memory aid] must actually "refresh" the memory of the witness and his subsequent testimony must indeed be from his own recollection. Where the testimony of the witness purports to be from his refreshed memory but is *clearly* a mere recitation of the refreshing memorandum, such testimony is not admissible as present recollection refreshed and should be excluded by the trial judge. [However, w]here there is doubt as to whether the witness purporting to have a refreshed recollection is indeed testifying from his own recollection, the use of such testimony is dependent upon the credibility of the witness and is a question for the jury.

291 N.C. at 518, 231 S.E.2d at 671-72 (citations omitted; emphasis in original retained). *York*, a later case which applied *Smith*, added that when a witness first

> testifie[s] from memory, and in particular detail, about the events surrounding the interview with the defendant[,] . . . [occasionally] refer[s] to . . . his notes . . . [,] answer[s some questions] independently of his notes [and] ha[s] extensive independent recall about the events surrounding the interview and the interview itself[, i]t is . . . evident from the full circumstances that th[e] witness [has] used his notes . . . in order to specifically recall for the jury what occurred during his interview with [the] defendant.

347 N.C. at 89, 489 S.E.2d at 386; *see also Gibson*, 333 N.C. at 50-51, 424 S.E.2d at 107 (no error when witness answers some questions independently of his notes and other questions after referring to his notes).

In applying the law to the facts of the case, *Smith* observed:

> The evidence on this point is contradictory. At one point the witness, when questioned as to the origin of her testimony, stated that it was "[o]f my own memory." At another point she said, "some is to my memory, and some isn't." Such statements raise questions as to the validity of her testimony.

291 N.C. at 517, 231 S.E.2d at 671. Accordingly, *Smith* determined that the witness' reference to a previous transcript was not a *clear* recitation from the refreshing memorandum but *merely raised doubt* that the witness was testifying from her own recollection. *Id.* at 518, 231

S.E.2d at 671-72. *Smith* concluded that the testimony was admissible within the discretion of the trial judge and overruled the defendants' assignment of error. *Id.* at 518, 231 S.E.2d at 672.

In the case *sub judice*, McConico testified to some of the events of the night in question before being shown the transcript of his police interview. When McConico was shown the transcript, he was equivocal about whether or not he remembered making the statements found therein. The trial court then allowed him to listen to the entire audio recording of his statements outside the presence of the jury. After hearing the tape, McConico admitted that the tape "refreshed [his] memory as to certain aspects of the case[.]" McConico then testified in detail to the events of the night in question, apparently without further reference to the interview transcript.

We conclude that this is not a case where the witness' testimony was "*clearly* a mere recitation of the refreshing memorandum." *Smith*, 291 N.C. at 518, 231 S.E.2d at 671 (emphasis in original). Rather, there was "doubt as to whether the witness purporting to have a refreshed recollection [was] indeed testifying from his own recollection." *Id.* The trial court carefully considered the evidence and did not make an arbitrary or unreasonable decision. Accordingly, this assignment of error is overruled.

### III. Habitual Felon Conviction

[2] Defendant contends that the trial court violated the Double Jeopardy Clause of the United States Constitution by sentencing him as an habitual felon because the same prior felony served as the basis for his conviction for possession of a firearm by a felon and as the basis for the habitual felon conviction. Defendant cites no authority in support of this argument, acknowledging that this Court has already rejected a similar argument and that he raises the issue here only "for preservation purposes for possible future review in the Supreme Court of North Carolina or in federal court." Accordingly, this assignment of error is considered abandoned. N.C.R. App. P. 28(b)(6).

### IV. Aggravated Sentence

[3] Defendant contends that the trial court erred by sentencing him in the aggravated range. Defendant first contends that a juvenile adjudication may not be used to aggravate a sentence because a juvenile adjudication is not determined by a jury, thereby violating *Blakely v. Washington*, a case holding that aggravating factors

STATE v. BLACK

[197 N.C. App. 731 (2009)]

must be found by a jury. 542 U.S. 296, 159 L. Ed. 2d 403 (2004). However, defendant did not raise this constitutional issue before the trial court; therefore, he may not raise it on appeal. *State v. Jaynes*, 342 N.C. 249, 263, 464 S.E.2d 448, 457 (1995), *cert. denied*, 518 U.S. 1024, 135 L. Ed. 2d 1080 (1996).

Defendant next contends that the trial court abused its discretion by giving undue weight to the aggravating factor of his juvenile adjudication of first degree rape and first degree burglary as opposed to the mitigating factor that Reid was over 16 years of age and a voluntary participant in defendant's conduct. We disagree.

The weight to be given to aggravating and mitigating factors is within the sound discretion of the trial judge and will not be disturbed on appeal absent abuse of that discretion. *State v. Love*, 177 N.C. App. 614, 626, 630 S.E.2d 234, 242-43, *disc. review denied*, 360 N.C. 580, 636 S.E.2d 192-93 (2006). "An abuse of discretion results only where a decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Clark*, 175 N.C. App. at 84, 623 S.E.2d at 299 (citation, quotation marks, and ellipses omitted).

Defendant's juvenile offenses were very serious crimes and the length of defendant's criminal record shows that his juvenile adjudication had little if any effect of turning him away from serious criminal activity later in life. We perceive no abuse of discretion in the trial judge giving greater weight to the aggravating factor and sentencing defendant in the aggravated range. Accordingly, this assignment of error is overruled.

## V. Conclusion

The trial court did not err when it allowed Eduardo McConico to refresh his memory from the written transcript of his interview with police. The trial court did not err when it sentenced defendant as an habitual felon in the aggravated range.

No Error.

Judges JACKSON and STEPHENS concur.