***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives. The Full Commission AFFIRMS with modifications the Opinion and Award of the Deputy Commissioner.
 *********** ISSUE
Is Plaintiff is entitled to have Defendants pay for medical treatment, including surgery, for his coronary artery disease?
 *********** *Page 2 
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, and the Commission has jurisdiction of the parties and the subject matter.
2. At all times relevant to this claim, an employer-employee relationship existed between Knight Transportation, Inc. and Plaintiff.
3. Avizent is the third party administrator for Knight Transportation, Inc.
4. On September 9, 2008, Plaintiff suffered a compensable injury to his low back while in the course of his employment with Defendant-Employer.
5. Defendants have denied liability as to the heart attack during post-surgery and related subsequent surgery.
6. Plaintiff's average weekly wage in this claim is $1,008.31.
 *********** EXHIBITS
The following documents were accepted into evidence before the Deputy Commissioner as stipulated exhibits:
 • Exhibit 1: Executed Pre-Trial Agreement
 • Exhibit 2: Plaintiff's medical records
 ***********
Based upon the competent evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT *Page 3 
1. Plaintiff, who was 40 years old at the time of the hearing before the Deputy Commissioner, was employed by Defendant-Employer as a truck driver.
2. On September 9, 2008, Plaintiff sustained an injury to his low back while unloading washers in the course of his employment.
3. Defendants admitted liability for Plaintiff's September 9, 2008 injury on a Form 60 dated October 2, 2008.
4. Following the September 9, 2008 injury, Plaintiff came under the care of Dr. Voos, who on February 9, 2010 performed a lumbar interbody fusion at L4-5 and L5-S1 for treatment of the admittedly compensable back injury. Before the surgery, Plaintiff underwent testing to confirm that he was fit for surgery, including an EKG on January 6, 2010, the results of which were interpreted as normal.
5. Plaintiff did not have any physical symptoms of a heart attack, such as shortness of breath or chest pains, either before or after his back surgery.
6. On February 13, 2010, while Plaintiff was still hospitalized from the back surgery, he underwent a cardiac workup because of an episode of hypotension. An EKG done on February 13, 2010 showed evidence that Plaintiff was having an ischemic event. An EKG done on February 14, 2010 showed that Plaintiff had suffered a heart attack sometime within the previous few days.
7. Following his discharge from the hospital, Plaintiff came under the care of Dr. Verde, an internist and cardiologist in training who first saw Plaintiff on March 10, 2010. Further cardiac work-up revealed that Plaintiff had 70 to 80 percent blockages in three main arteries of his heart. Because the blockages put Plaintiff at a high risk of suffering a massive *Page 4 
heart attack and sudden death, it was recommended that Plaintiff undergo a coronary artery bypass. Dr. Koutlas performed the bypass surgery on April 23, 2010.
8. Blockages in the arteries related to coronary artery disease develop gradually over many years. There is a genetic predisposition to develop coronary artery disease. Risk factors such as smoking, high blood pressure, and low levels of "good" cholesterol increase the likelihood that someone will develop coronary artery disease.
9. Plaintiff has a family history of coronary artery disease. In 1997 he suffered a heart attack. Plaintiff has an 18-year history of smoking more than a pack of cigarettes a day. He also has a history of high blood pressure and low "good" cholesterol.
10. Dr. Verde opined, based upon her review of the cardiac monitoring records from Plaintiff's February 2010 hospitalization, that the myocardial infarction that was diagnosed on February 14, 2010 happened sometime between noon on February 9, 2010 (after the back surgery was completed) and February 12, 2010.
11. Dr. Verde indicated, and the Full Commission so finds, that Plaintiff's need for the bypass surgery was unrelated to the myocardial infarction that he suffered sometime between noon on February 9, 2010 and February 12, 2010. Dr. Verde further opined, and the Commission so finds, that based upon the cardiac catheterization results, Plaintiff would have needed the bypass surgery regardless of whether he had had the myocardial infarction after the back surgery. There is no expert testimony of record to establish a causal link between Plaintiff's February 9, 2010 back surgery and his coronary artery disease or need for the bypass surgery.
12. There is likewise no expert medical evidence to support a finding that Plaintiff's back surgery caused the myocardial infarction he suffered sometime between noon on February 9, 2010 and February 12, 2010. Dr. Verde's testimony that surgery under anesthesia can cause *Page 5 
stress on bodily organs is not sufficient to support a finding that Plaintiff's February 2010 heart attack was caused by his surgery, nor does it support a finding that the surgery aggravated Plaintiff's preexisting coronary artery disease to the point that he suffered the heart attack.
 ***********
The foregoing Stipulations and Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Plaintiff had the burden of proving that the medical treatment he requires for his coronary artery disease, including but not limited to the bypass surgery, is causally related to the admittedly compensable low back injury. It is clear under Perez that theParsons presumption applies in the context of a case admitted on a Form 60. Perez v. American Airlines,174 N.C. App. 128, 620 S.E.2d 288 (2005); Parsons v. Pantry,Inc., 126 N.C. App. 540, 485 S.E.2d 867 (1997). However, theParsons presumption is only applicable when the employee "seeks treatment for the very injury that the Commission has previously determined to be the result of the compensable accident. . . ." (Emphasis in original) Clark v. The SangerClinic, P.A., 175 N.C. App. 76, 78, 623 S.E.2d 293, 296 (2005).
2. In cases involving complicated questions of medical causation, plaintiff must present competent expert medical evidence that the injury for which defendants admitted liability caused the condition complained of. Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E. 2d 389 (1980); Holley v. ACTS, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003); Young v. Hickory Bus.Furn., 353 N.C. 227, 538 S.E.2d 912 (2000). In the case at bar, the expert medical testimony presented by plaintiff failed to support a finding that his coronary artery disease was either caused or aggravated by the September 9, 2008 injury, or that the back surgery he underwent for that injury in February 2010 caused the heart attack he suffered shortly thereafter *Page 6 
or the subsequent treatment he required for the coronary artery disease that was diagnosed in April 2010. Therefore, plaintiff's claim for medical compensation for treatment of the coronary artery disease must be denied. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for medical compensation related to his coronary artery disease, including but not limited to the bypass surgery, is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of November, 2011.
 S/_______________ TAMMY R. NANCE COMMISSIONER
CONCURRING:
 S/_________________ LINDA CHEATHAM COMMISSIONER
 S/_______________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1